IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN GRAVLEY,

       Petitioner,

v.                                     Civil Action No. 2:09cv52
                                    (Judge Maxwell)

TOM SCOTT,

       Respondent.

**PRELIMINARY REVIEW AND REPORT AND RECOMMENDATION
RECOMMENDING DISMISSAL OF THE PETITION**

On April 22, 2009, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner has yet to pay the required filing fee or file a request to proceed as a pauper. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.09, et seq.

### I. The Petition

The petitioner's entire claim reads as follows:

> I was housed in deplorable condition (sic) in the Southern Regional Jail, while incarcerated there and awaiting sentencing on Federal charges. I was placed in a single-man cell with at times three other inmates. That is unhealth (sic) and against my Constitution (sic) Rights 8th Amendment Cruel and Unusual Punishment.

Petition at 4.

As relief, the petitioner seeks "two for one for every day that [he] was at . . . Southern Regional Jail at Beaver WV." Id. at 7.

## II. Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

Here, the petitioner does not attack the execution of his sentence. Instead, the plaintiff complains of the conditions he suffered while being held at the Southern Regional Jail, which is located in Raleigh County, West Virginia, within the jurisdiction of the United States District Court for the Southern District of West Virginia. The petitioner's claims are not in any way related to the execution of his sentence, but solely to the conditions of his confinement. Thus, it is clear that the petitioner's claims should have been raised pursuant to a civil rights complaint. Id. (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## III. Recommendation

For the foregoing reasons, it is recommended that the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED** and **DISMISSED without prejudice** to the petitioner's right to refile his claims as a civil rights action with the appropriate court.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file

objections to this recommendation will result in waiver of the right to appeal from **a** judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 23, 2009.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE